UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

LA SALTEÑA S.A.U. and MOLINOS RIO DE
LA PLATA S.A.,                                      **MEMORANDUM AND ORDER**

                        *Plaintiffs,*            21-CV-4675(KAM)(LB)

    -against-

ERCOMAR IMPORTS INTERNACIONAL CORP.,

                        *Defendant.*

---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiffs La Salteña S.A.U. ("La Salteña") and Molinos Rio de la Plata S.A. ("Molinos") (together, the "Plaintiffs") brought this action against Defendant Ercomar Imports Internacional Corp. ("Ercomar") alleging breach of contract, unjust enrichment, and account stated arising out of Ercomar's failure to pay for goods that Plaintiffs delivered. (*See generally* ECF No. 1, Complaint ("Compl.").) Defendant initially appeared and answered the Complaint, asserted counterclaims, and unsuccessfully moved to transfer venue, however, Defendant's counsel was permitted to withdraw on March 1, 2023, and Defendant has been unrepresented since that time. (*See* Docket Order dated March 1, 2023.) After Defendant failed to retain new counsel by the Court ordered deadline of March 27, 2023, Plaintiffs requested a certificate of default from the Clerk of Court, which was granted on April 6,

2023.  (ECF No. 26.)  Presently before the Court is Plaintiffs'
motion for default judgment and to strike the answer and
counterclaims of Ercomar, which was served on Defendant on December
6, 2023. (ECF No. 33, Motion for Default Judgment ("Mot."); ECF
No. 33-1, Memorandum of Law in Support ("Mem."); ECF No. 33-2,
Declaration of Gustavo Baudino ("Baudino Decl."); ECF Nos. 33-3
through 33-5, Exhibits A-C to the Baudino Decl. ("Exs. A-C"); ECF
No. 34, Certificate of Service.)  For the reasons that follow, the
motion for default judgment and to strike Defendant's answer and
counterclaims is **GRANTED** in part, and **DENIED** in part.  Default
judgment is granted against Defendant, and Defendant's answer and
counterclaims are struck from the record and dismissed.  Plaintiff
La Salteña is awarded $75,956.60 in damages and $23,055.43 in pre-
judgment interest as of May 22, 2024.  Plaintiff Molinos is awarded
$23,334.00 in damages, $6,754.71 in pre-judgment interest as of
May 22, 2024.  Both Plaintiffs are awarded post-judgment interest
from the date judgment is entered as prescribed in 28 U.S.C. §
1961.

## BACKGROUND

The following facts are taken from Plaintiffs' Complaint,
Motion for Default Judgment, supporting memorandum, and supporting
declaration and affidavits.  Given Defendant's default, the Court
accepts as true all well-pleaded factual allegations in the

Complaint, except as to damages. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

## I.  Factual Background

Plaintiffs La Salteña and Molinos are Argentinian corporations with their principal places of business in Buenos Aires, Argentina. (Compl. at ¶¶2-3.) Defendant Ercomar is a Florida corporation which maintains an office at 78-17 Park Drive East, Suite 1F, Flushing, NY 11367. (*Id.* at ¶4.) Plaintiffs and Defendant are businesses engaged in the food products industry. (*Id.* at ¶8.) In the summer of 2020, Defendant ordered food products from Plaintiffs, specifically yerba mate and empanada dough; the order was for a total of $99,290.60. (*Id.* at ¶9.) Plaintiffs agreed to sell the products to defendant. (*Id.* at ¶10.) Plaintiffs sent the products to Defendant's Flushing office in three shipments on October 9, 2020; November 23, 2020; and December 21, 2020. (*Id.* ¶¶11-16.) For each shipment of products, Plaintiffs sent defendant an invoice reflecting "78-17 Park Drive East Suite 1F, Flushing, NY (11367)" as Defendant's address. (*Id.* at ¶¶11-14; Exs. A-C.) Plaintiffs supplied the aforementioned products, Defendant accepted Plaintiffs' products, and Defendant did not timely object to the invoices sent. (Compl. at ¶¶16-17.) Defendant has not paid plaintiffs the amounts due under the invoices. (*Id.* at ¶18.)

## II.  Procedural History

Plaintiffs commenced the instant action on August 19, 2021. (*See generally* Compl.)  Plaintiffs' complaint alleges breach of contract, unjust enrichment, and account stated.  (*See id.* at ¶¶19-43.)  Defendant appeared and, prior to answering the complaint, attempted to file a motion to change venue, (ECF No. 6), which was denied without prejudice for failure to follow the Court's chambers practice, and Defendant thereafter requested a pre-motion conference, (ECF No. 7).  At the pre-motion conference on October 28, 2021, the Court declined to set a briefing schedule for defendant's anticipated motion and directed the parties to engage in settlement discussions.  (*See* Minute Entry dated October 28, 2021.)

On March 9, 2022, Defendant answered the complaint and filed counterclaims for breach of contract, material misrepresentation, and tortious interference.  (ECF No. 11, Answer and Counterclaims.)  Magistrate Judge Bloom held a settlement conference on April 26, 2022, but the parties were unable to settle the case, and Judge Bloom directed the Defendant to renew its motion to transfer venue no later than May 12, 2022, if it wished to pursue the motion.  (*See* Docket Order dated April 26, 2022.)  Plaintiffs answered defendant's counterclaims on May 2, 2022.  (ECF No. 15.)  On May 9, 2022, Defendant renewed its motion to transfer venue, which Plaintiffs opposed.  (ECF Nos. 16, 19.)  The Court referred the motion to transfer venue to Judge Bloom, who denied the motion on

December 8, 2022.  (ECF No. 20.)  In the order, Judge Bloom found that Defendant transacted business in this district, as required for personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), and that venue was proper in the district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).  (*Id.* at 8-12.)  Judge Bloom further found that Defendant had not established the propriety of transfer by clear and convincing evidence, and that therefore transfer to the District of New Jersey was not warranted.  (*Id.* at 12-16.)

Following Judge Bloom's decision, the parties held one status conference on January 31, 2023, before Defendant's attorney moved to withdraw on February 28, 2023.  (ECF No. 22.)  Judge Bloom granted Defendant's attorney's request to withdraw on March 1, 2023, and ordered Defendant to retain new counsel by March 27, 2023, warning that "a corporation may appear in the federal courts only through licensed counsel."  (Docket Order dated March 1, 2023 (quoting *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 187 (2d Cir. 2006)).)  Defendant's former attorney subsequently filed a letter on the docket stating that Judge Bloom's order was served on Defendant, and that Defendant had been made aware of the deadline to retain new counsel.  (ECF No. 23.)  Subsequently, on April 4, 2023, Plaintiffs filed a request for a certificate of default against Defendant, based on its failure to retain counsel by the deadline ordered by Judge Bloom.  (ECF Nos. 24-25.)  The

Clerk of Court entered a certificate of default against Ercomar on April 6, 2023. (ECF No. 26.)

Plaintiffs thereafter moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(1) on May 1, 2023, and provided proof of service on Defendant. (ECF Nos. 27-29.) The Court denied Plaintiffs' motion on October 26, 2023, explaining that a motion under Fed. R. Civ. P. 55(b)(1) was not appropriate for a situation in which the Defendant had appeared, and that Plaintiffs should also advise the Court regarding whether they wished to strike or dismiss Defendant's answer and counterclaims. (Docket Order dated October 26, 2023.) Plaintiffs subsequently requested permission to file a combined motion addressing both their motion to strike and the motion for default judgment, which the Court authorized on November 2, 2023. (Docket Order dated November 2, 2023.) On December 5, 2023, Plaintiffs filed the combined motion for default judgment and to strike Ercomar's answer and counterclaims, which they served on the Defendant on December 6, 2023. (*See generally* Mot.; ECF No. 34, Certificate of Service.)

On February 26, 2024, the Clerk of Court filed a letter submitted to the Court from "E. Agnello" on the docket, in which Mr. Agnello stated that he was a "representative" of Defendant Ercomar and wished to "inform [the Court] that [he was] not ignoring this case" and was "actively seeking a new counsel to support Ercomar." (ECF No. 35.) The Court subsequently issued a

docket order, which Plaintiffs served on Defendant, informing Mr. Agnello, as Judge Bloom had previously, that a corporation may appear in the federal courts only through licensed counsel. (Docket Order dated February 26, 2024.)  On April 10, 2024, the Court requested that Plaintiffs file a supplement to their application for default judgment including additional documents required by EDNY Local Rule 55.2(b), and simultaneously mail the supplement to Defendant.  (Docket Order dated April 10, 2024.) Plaintiffs subsequently filed the supplement on April 15, 2024, and noted service on Defendant on April 16, 2024.  (ECF Nos. 37-38.)

**LEGAL STANDARD**

**I.   Default Judgment**

Pursuant to Rule 55, courts follow a two-step process to enter default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  First, when the defendant fails to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk of court enters the defendant's default. *See* Fed. R. Civ. P. 55(a).  A court considers an entry of default against a party to be an admission of all the well-pleaded allegations in the complaint regarding liability. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).  Second, if the defaulting party fails to appear or move to set aside the entry

of default under Rule 55(c), the opposing party may move the court to enter a default judgment to establish liability and damages. *See* Fed. R. Civ. P. 55(b)(2). Before entering a default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-CV-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020) (citations omitted).

Although the court accepts as true all well-pleaded factual allegations in the complaint, the court must still ensure the allegations provide a basis for liability and relief, and the court has discretion to require further proof of necessary facts. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). If the unchallenged facts establish the defendant's liability, the court determines the amount of damages due. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999). The court may determine damages without an in-person hearing based on the plaintiff's affidavits so long as it can ensure a basis for the damages specified in the default judgment. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.,* 109 F.3d 105, 111 (2d Cir. 1997).

## II. Striking a Defendant's Answer and Counterclaims

8

Pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), "[a] court may impose a range of sanctions on a party which fails to appear at conferences or to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment." *Trustees of the Paper Products, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Trust Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-1475 (ILG)(VMS), 2013 WL 5532710, at *2 (E.D.N.Y. Oct. 4, 2013) (citing Fed. R. Civ. P. 16(f)(1); 37(b)(2)(A)(vi)). "Where a corporate defendant has been ordered to retain counsel and fails to do so, striking a defendant's answer, including its counterclaims, is an appropriate sanction." *Arch Ins. Co. v. Sky Materials Corp.*, No. 17-CV-2829 (CBA)(LB), 2021 WL 966110, at *4 (E.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1306 (2d Cir. 1991) (affirming the district court's entry of default judgment and dismissal of cross- and counter-claims asserted by a corporate defendant without counsel); *Hounddog Productions, L.L.C. v. Empire Film Group, Inc.*, 767 F. Supp. 2d 480, 481 (S.D.N.Y. 2011) (striking corporate defendant's answer and granting a default judgment where the corporate defendant failed to appear through new counsel); *Next Proteins, Inc. v. Distinct Beverages, Inc.*, No. 09-CV-4534 (DRH), 2012 WL 314871, at *2 (E.D.N.Y. Feb. 1, 2012) (striking defendant's

answer and counterclaim and granting default judgment following corporate defendant's failure to appear by counsel).

**DISCUSSION**

## I.  Jurisdiction

Title 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  "Diversity jurisdiction requires that all of the adverse parties in a suit be completely diverse with regard to citizenship."  *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (internal quotation marks and citation omitted).

Plaintiffs, both Argentinian corporations with principal places of business in Argentina, (Compl. at ¶¶2-3), are citizens of a foreign state for purposes of diversity jurisdiction, *see Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980).  Defendant Ercomar is a Florida corporation.  (Compl. at ¶4.)  Plaintiffs allege that they suffered damages of at least $99,290.60, the amount owed by Defendant under the contract.[1]  (*Id.* at ¶18.)  Thus, there is diversity jurisdiction

---

[1] Plaintiff La Salteña has been damaged in an amount no less than $75,956.60, and Molinos has been damaged in an amount no less than $23,334.00.  (Compl. at

between Plaintiff and Defendants.  *See* 28 U.S.C. §§ 1332(a)(2), (c)(1).

The Court may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant.  *See Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").  Under New York's long-arm statute, contained in New York Civil Practice Law and Rules ("CPLR") § 302(a), courts may exercise personal jurisdiction over a non-domiciliary "who in person or through an agent . . . transacts any business within [New York] or contracts anywhere to supply goods or services in the state," but only where the cause of action arises from the enumerated acts.  CPLR § 302(a); *see Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).  Here, as noted by Judge Bloom in her order on Defendant's motion to transfer venue, Plaintiffs submitted to Defendant invoices reflecting Defendant's Flushing, NY address, and Defendant did not object to those invoices.  (ECF No. 20 at 10; Compl. at ¶¶12-14,

---

¶¶23, 27.)  It is sufficient for jurisdictional purposes to find that La Salteña's damages meet the amount-in-controversy requirement, as "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

17.)  The cause of action for the instant case is breach of the contract to pay for Plaintiffs' products, purchased by Defendant, pursuant to which the Plaintiffs' invoices were issued and the goods were shipped to Ercomar in New York.  (Compl. at ¶¶11, 19-27.)  Therefore, as Judge Bloom found in her order on the motion to transfer venue, the Court also finds that Defendant contracted to receive and supply goods within New York and is subject to the Court's jurisdiction.  *See* CPLR 302(a)(1).

## II.  **Defendant's Answer and Counterclaim**

As noted in the Procedural History section, *supra*, Defendant has failed to comply with Judge Bloom's order to obtain new counsel and has had ample notice of the consequences of its noncompliance. Defendant was served with Plaintiffs' original motion for default judgment, the Court's docket order denying it and noting that "[i]n entering default judgment against a corporate defendant for failing to appear by counsel, it is also appropriate for a court to strike the answer and counterclaims of that defendant." (Docket Order dated October 26, 2023 (quoting *Next Proteins, Inc.*, 2012 WL 314871, at *2; *see also* ECF No. 30, Certificate of Service of the October 26, 2023, Docket Order.)  Defendant was also served with Plaintiffs' subsequent motion for default judgment and to strike Defendant's answer and counterclaims.  (ECF No. 34, Certificate of Service.)  Despite notice that a default may be entered against it, Defendant has not appeared via counsel, or otherwise attempted

12

to defend this action.  The Court does not consider the letter submitted by a "representative" of Defendant, and notes that "a corporation may appear in the federal courts only through licensed counsel." *Grace v. Bank Leumi Tr. Co. of NY*, 443 F.3d 180, 187 (2d Cir. 2006).

"Under the circumstances of this case, issuing further orders or imposing lesser sanctions would serve no purpose, and would prejudice the Plaintiffs," as more than a year has elapsed since Defendant was notified that it must appear through new counsel or be deemed in default. *Arch Ins. Co.*, 2021 WL 966110, at *4 (internal quotation marks and citation omitted); *see also Stirrat v. Ace Audio/Visual, Inc.*, No. 02-CV-2842(SJ), 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) ("a failure to grant dispositive relief would likely leave the case pending for an indefinite time").  Defendant aggressively litigated this case, including filing an unsuccessful motion to transfer venue, until its counsel withdrew.  Despite being given notice and an opportunity to retain new counsel, Defendant has failed to appear by counsel.  As Defendant's conduct is willful, Defendant's answer and counterclaims are hereby struck by the Court as the only appropriate sanction.

## III. Default Judgment Procedural Requirements

Before the court will enter a default judgment, the plaintiff must show that entry of default was appropriate. *Sik Gaek, Inc.*

13

*v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order).  Local Rule 55.2 imposes the additional requirements that the plaintiff attach certain materials to the motion and file proof that all motion papers were mailed to the defendant.

**A.    Entry of Default**

The failure of a corporation to obtain counsel constitutes a failure to defend because corporations cannot proceed pro se in federal court. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (discussing the rationale for requiring corporations, as "artificial" entities, to appear through counsel). "Since a corporation's failure to retain counsel results in a failure to 'otherwise defend,' it is appropriate to enter a default against a corporation which has failed to comply with a court order to retain counsel." *Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479 (SLT)(RER), 2015 WL 5793383, at *7 (E.D.N.Y. Sept. 30, 2015); *see also Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (finding that there was "no question" that default was properly entered where corporate defendant failed to comply with the court's order to obtain new counsel); *Grace*, 443 F.3d at 192 ("where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P.") (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975)).

14

Here, it is indisputable that Ercomar is in default. When Ercomar's counsel was permitted to withdraw, Ercomar was granted an extension of time to retain new counsel by March 27, 2023. (Docket Order dated March 1, 2023.)  Ercomar failed to retain new counsel by that date and did not request any further extension. Indeed, as of the date of this order, over a year has passed since Ercomar's counsel first informed the Court of his intention to withdraw.  Thus, the Court concludes that, after nearly three years of litigation, Defendant has "abdicated its responsibilities in this litigation" and the Clerk's entry of default was appropriate. *Trustees of the Paper Products*, 2013 WL 5532710, at *2.

**B.   Local Rule 55.2**

Local Rule 55.2(b) requires that a plaintiff attach to a motion for default judgment the Clerk's certificate of default, a copy of the complaint, and a proposed form of default judgment. Local Rule 55.2(c) requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known residence" of an individual defendant or "last known business address" of a corporate defendant.

Plaintiffs' initial motion for default judgment contained some, but not all, of the documents required by the Local Rules, and therefore the Court ordered Plaintiffs to submit a supplement including (1) the Clerk's certificate of default, and (2) a copy of the claim for which default judgment was sought.  (Docket Order

15

dated April 10, 2024.)  Plaintiffs subsequently filed the supplement as requested by the Court.  (ECF No. 37.)  Plaintiffs' motion for default judgment was supported by an affirmation that declares Ercomar was served at its last known business address in Newark, NJ.  (See ECF No. 34.)  Likewise, Plaintiffs' court-ordered supplement to the motion for default judgment was supported by an affirmation that the response and its exhibits were served upon Defendant at the same address.  (ECF No. 38.)  Accordingly, Plaintiff has met the requirements of Local Rule 55.2(c).

## IV.  Liability

Having assured itself that the jurisdictional and procedural prerequisites to enter a default judgment have been met, the Court now must assess whether Plaintiffs' well-pleaded factual allegations establish Defendant's liability as a matter of law.

### A.   Choice of Law

Because jurisdiction is based on diversity of the parties, the choice of law rules of the forum state apply.  *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *GlobalNet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006).  "In New York, a court must apply the 'center of gravity' or 'grouping of contacts' choice of law analysis" in resolving a contract dispute.  *AllGood Entertainment, Inc. v. Dileo Entertainment & Touring, Inc.*, 726 F. Supp. 2d 307, 317 (S.D.N.Y. 2010) (citing *Finance One Public Co. v. Lehman Bros. Special*

*Financing, Inc.*, 414 F.3d 325, 336 (2d Cir. 2005).  "Courts should consider a variety of factors in this analysis, including the place of contracting, place of negotiation and performance, the location of the subject matter and the domicile or place of business of the contracting parties."  *Id.* (citing Restatement (Second) of Conflict of Laws § 188); *see also Fieger*, 251 F.3d at 394 ("[i]n developing this test, the New York Court of Appeals relied on the Second Restatement of Conflict of Laws").

Here, the Complaint alleges that Defendant maintained an office in New York, and that the products were shipped to Defendant in New York.  (Compl. at ¶¶9-16.)  Accordingly, the Court will apply New York substantive law to Plaintiffs' claims arising out of the contract.

**B.    Breach of Contract Claim**

"To state a claim for breach of contract under New York law, the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages."  *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (internal quotation marks omitted).  The Court finds that Plaintiffs have alleged adequate facts to satisfy each of these four elements: (i) Defendant agreed to pay Plaintiffs a total of $99,290.60 in exchange for Plaintiffs selling Defendant a quantity of yerba mate and empanada dough, (ii) Plaintiffs performed under the parties' agreements by

17

shipping the yerba mate and empanada dough to Defendant (iii) Defendant breached the agreement by failing to pay the $99,290.60 due under the invoices in a timely fashion; and (iv) Plaintiffs have been damaged in the amount of $99,290.60, the amount due on the invoices. (Compl. at ¶¶9-11, 15-18; Exs. A-C.)  Thus, the Court finds that Plaintiffs have sufficiently pled that the Defendant is liable for breach of contract.

### C. Unjust Enrichment

The Complaint also asserts an unjust enrichment claim against the Defendant.  (Compl. at ¶¶28-32.)  The Court finds that this claim is duplicative of Plaintiffs' breach of contract claim and therefore denies Plaintiffs' motion as to the unjust enrichment claim.

"[T]o succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that '(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover.'" *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). Although Plaintiff has satisfied the unjust enrichment elements, "when a 'matter is controlled by contract,' the plaintiff has no valid claim for unjust enrichment under New York law." *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014)

(*quoting Goldman v. Metro. Life Ins. Co.*, 841 N.E.2d 742, 746 (N.Y. 2005)); *see also Continental Casualty Co. v. Contest Promotions NY, LLC*, No. 15-CV-501 (MKB), 2016 WL 1255726, at *3-4 (E.D.N.Y. Mar. 28, 2016) (collecting cases). Here, the Complaint alleges that a valid contract existed between the parties, which the Defendant breached, causing damage to Plaintiffs. Because the dispute is "governed by a valid contract, Plaintiff[s] are not entitled to recover on an unjust enrichment theory." *Continental Casualty Co.*, 2016 WL 1255726, at *4.

### D. Account Stated

The Complaint also asserts an account stated claim against the Defendant. (Compl. at ¶¶33-43.) The Court finds that this claim is duplicative of Plaintiffs' breach of contract claim and therefore denies Plaintiffs' motion as to the account stated claim.

To assert an account stated claim, a plaintiff must demonstrate the existence of "a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due." *White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 623 (S.D.N.Y. 2006). Here, Plaintiffs have satified the account stated elements, given Defendant was obligated to pay for the products delivered as set forth in the invoice, but the Complaint alleges no damages separate and apart from the breach of contract claim discussed *supra.* "[C]laims are duplicative of one another if they 'arise from the same facts . . . and do not allege distinct

damages.'" *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (quoting *Sitar v. Sitar*, 854 N.Y.S.2d 536, 538 (2d Dep't 2008)). "[I]f a plaintiff can prove an enforceable contract and the plaintiff's account stated claim seeks the same relief as its breach of contract claim, the account stated claim may be dismissed as duplicative." *OOCL (USA) Inc. v. Transco Shipping Corp.*, No. 13-CV-5418 (RJS), 2015 WL 9460565, at *6 (S.D.N.Y. Dec. 23, 2015); *see also Continental Casualty Co.*, 2016 WL 1255726, at *4 (finding breach of contract and account stated claims to be duplicative and denying motion for default judgment on the account stated claim). Because the breach of contract and account stated claims are duplicative and seek the same relief, the Court denies Plaintiff's motion as to the account stated claim against Ercomar.

## V. Damages

Having determined Defendant's liability, the Court must determine whether Plaintiffs have provided sufficient evidence to support their claims for damages, or whether a hearing is necessary to determine the amount of damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *US All. Fed. Credit Union v. M/V Kamara Fam.*,

No. 20-CV-1733 (AMD)(SJB), 2023 WL 5622067, at *8 (E.D.N.Y. Aug. 31, 2023) (internal quotation marks and citation omitted); *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro. Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (explaining that although the allegations in a complaint related to liability are deemed admitted upon entry of a default judgment, a default "is not considered an admission of damages" (internal quotation marks omitted)). "The court must determine the amount of damages, actual or statutory, that may be assessed," and "ensure that there is a reasonable basis for the damages specified in a default judgment." *Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011) (citation omitted).

### A.   Principal Amount

In a breach of contract action, an injured party is "entitled to recover damages that are the 'natural and probable consequence of the breach.'" *APL Co. PTE v. Blue Water Shipping U.S. Inc.*, 592 F.3d 108, 111 (2d Cir. 2010); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) ("[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms"). Here, from the documentary evidence submitted in support of Plaintiffs' motion, the Court is able to sufficiently determine damages without an evidentiary

hearing.  Plaintiffs seek $99,290.60 in damages based on Ercomar's breach of contract, plus interest.  (Mem. at 8.)

The Court's determination of damages in the instant case is relatively simple.  As set forth in the Complaint, Defendant ordered $99,290.60 worth of yerba mate and empanada dough from Plaintiffs, and Plaintiffs subsequently accepted the order and agreed to sell the products.  (Compl. at ¶¶9-10.)  Plaintiffs subsequently sent three invoices to Defendant, which were attached to the Declaration of Gustavo Baudino as Exhibits A through C, submitted as part of the Motion for Default Judgment.  (*See* Baudino Decl.; Exs. A-C.)  The Baudino Declaration further states that Plaintiffs shipped the products to Ercomar, Ercomar accepted the products and did not object to the invoices, and Ercomar never remitted any payment under any of the invoices.  (Baudino Decl. at ¶¶3-5.)  Summing up the amount due on each invoice[2], Plaintiff La Salteña is owed $75,956.60 in principal and Molinos is owed $23,334.00 in principal, for a total of $99,290.60.

**B.  Prejudgment Interest**

Plaintiffs seek prejudgment interest on the default judgment. (Mem. at 8.)  Pursuant to section 5001 of the CPLR[3] a party shall

---

[2] The October 9, 2020, invoice issued by La Salteña (Ex. A) shows an amount due of $38,047, the November 23, 2020, invoice issued by La Salteña (Ex. B) shows an amount due of $37,909.60, and the December 21, 2020, invoice issued by Molino (Ex. C) shows an amount due of $23,334.00.

[3] The Court applies New York law to the question of whether Plaintiff is entitled to prejudgment interest.  "[U]nder New York choice of law principles, the allowance of prejudgment interest is controlled by the law of [the state] whose

recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." CPLR § 5001(a); *see also Rhodes v. Davis*, 628 F. App'x 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract.") (citing CPLR § 5001(a))). The statutory rate of prejudgment interest prescribed by New York law is 9%. CPLR § 5004.

Instead of the statutory rate, however, Plaintiff seeks interest "at a rate of LIBOR rate plus 3%," as specified in the invoices. (See Baudino Decl. ¶7.) New York courts recognize that where parties contract for an interest rate, such as interest due on a debt, the contractual rate of interest prevails even if in excess of the statutory rate of prejudgment interest. *See NML Capital v. Republic of Argentina*, 952 N.E.2d 482, 488 (N.Y. 2011) ("When a claim is predicated on a breach of contract, the applicable rate of prejudgment interest varies depending on the nature and terms of the contract . . . [but] [i]f the parties failed to include a provision in the contract addressing the interest rate that governs after principal is due or in the event of a breach, New York's statutory rate will be applied as the

---

law determined liability on the main claim." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) (alteration in original) (quoting *Entron, Inc. v. Affiliated FM Ins. Co.*, 749 F.2d 127, 131 (2d Cir. 1984)). As discussed above, the Court applies New York law to Plaintiffs' breach of contract claim against Defendant, and therefore the Court turns to New York law to determine whether Plaintiffs are entitled to prejudgment interest.

default rate."). The portion of the invoice to which Plaintiffs refer for the contract rate, however, is entirely in Spanish, and no court-certified translation has been provided to the Court. The Court may not rely on the untranslated portions[4] of the invoice in determining whether prejudgment interest should be governed by contract. *See Nam v. Permanent Mission of Republic of Korea to United Nations*, 657 F. Supp. 3d 382, 407 (S.D.N.Y. 2023) ("[untranslated] documents are therefore inadmissible under the well-established rule that a document in a foreign language is generally inadmissible unless accompanied by a certified English translation.") (internal quotation marks omitted) (collecting cases). Furthermore, Plaintiffs do not specify the LIBOR rate utilized, or the date on which it was set. Accordingly, and in the absence of further information that could be considered on a motion for default judgment, the Court does not find that Plaintiffs have shown the alleged contract rate should override the default statutory rate for prejudgment interest.

When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." CPLR § 5001(b). Courts calculate the "earliest ascertainable date" as the date of the contract breach. *See Guilbert v. Gardner*, 480

---

[4] Other portions of the invoices, such as the amount due and the date, are set forth both in English and Spanish, and may be considered by the Court. (Exs. A-C.)

F.3d 140, 149 (2d Cir. 2007) (holding that "cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach").  "Where damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *CareandWear II, Inc. v. Nexcha L.L.C.*, 581 F. Supp. 3d 553, 558 (S.D.N.Y. 2022) (citing CPLR § 5001(b)).

First, as regards La Salteña, the first unpaid invoice is dated October 9, 2020, with a shipping date of October 5, 2020, and the second unpaid invoice is dated November 23, 2020, with a shipping date of November 13, 2020. (*See* Baudino Decl. ¶8, Exs. A-B.)  Payment was due 75 days after shipment of the goods described in the invoice.  (*Id.*)  As such, the first date upon which La Salteña's cause of action for breach of contract accrued is December 19, 2020 (75 days after October 5, 2020, the date the goods described in the first invoice shipped).  Payment on the second invoice accrued on January 27, 2021 (75 days after November 13, 2020, the date the goods described in the second invoice shipped).  The approximate midpoint between those two dates is January 7, 2021.  Accordingly, Plaintiff La Salteña is entitled to prejudgment interest at the statutory rate of 9% per year, calculated on the amount of both unpaid invoices ($75,956.60) from January 7, 2021, to the date of entry of judgment.

25

Second, as regards Molinos, the sole unpaid invoice is dated December 21, 2020, with a ship date of December 20, 2020. (*See* Baudino Decl. ¶8, Ex. C.)  Payment was due 75 days after shipment of the goods described in the invoice.  (*Id.*)  Payment on the invoice accrued on March 5, 2021 (75 days after December 20, 2020, the date the goods described in the last invoice shipped). Accordingly, Plaintiff Molinos is entitled to prejudgment interest at the statutory rate of 9% per year, calculated on the amount of the unpaid invoice ($23,334.00) from March 5, 2021, to the date of entry of judgment.[5]

**C.  Post-Judgment Interest**

An award of postjudgment interest is mandatory on awards in civil cases.  *See Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Therefore, the Court finds that Plaintiff is entitled to post-judgment interest using the federal rate set forth in 28 U.S.C. § 1961(a), and calculated from the date the Clerk of the Court enters judgment in this action until the date of payment.

---

[5] The Court notes that the resulting combined daily accumulation of interest for both Plaintiffs, $24.48, is nearly identical to the amount calculated by Plaintiffs utilizing the alleged contract rate.  (Baudino Decl. at ¶10.)

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Default Judgment and to Strike Defendant's Answer and Counterclaims is granted in part and denied in part. The Court grants default judgment as to Plaintiffs' breach of contract claim, denies default judgment as to the remaining claims, strikes Defendant's answer, and strikes and dismisses Defendant's counterclaims from the record.

Default Judgment is entered against Defendant, Plaintiff La Salteña is awarded $75,956.60 in damages and $23,055.43[6] in pre-judgment interest as of May 22, 2024, Plaintiff Molinos is awarded $23,334.00 in damages and $6,754.71[7] in pre-judgment interest as of May 22, 2024, and both Plaintiffs are awarded post-judgment interest from the date judgment is entered as prescribed in 28 U.S.C. § 1961 until the date of payment in full.

The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff La Salteña in the amount of $99,012.03 and in favor of Plaintiff Molinos in the amount of $30,088.71 in accordance with this Memorandum and Order. Plaintiffs are ordered to serve a copy of this Memorandum and Order and the Judgment on

---

[6] Calculated as follows as of May 22, 2024: with 1,231 days having elapsed since the intermediate date of January 7, 2021, the interest is $75,956.60 x 0.09 = $6,836.09 in yearly interest, multiplied by (1,231 days/365 days per year) = $23,055.43.

[7] Calculated as follows as of May 22, 2024: with 1,174 days having elapsed since the breach date of March 5, 2021, the interest is $23,334.00 x 0.09 = $2,100.06 in yearly interest, multiplied by (1,174 days/365 days per year) = $6,754.71.

Defendant and file a declaration of service within two days after the Clerk of Court enters the Judgment.

**SO ORDERED**

Dated:      May 22, 2024
            Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York